STATE v. R. A. MANSHIP.

(Filed 14 November, 1917.)

1. **Jurors—Court's Discretion—Discharge of Jurors—Retaining Juror—Tales Jurors.**

   The trial judge, in his discretion, may discharge any jurors or jury, and is not required to reserve one juror of the original panel to "build to," before directing the sheriff to summons tales jurors as authorized by Revisal, sec. 1967, amended by chapter 15, Laws 1911; chapter 210, Laws 1915.

2. **Same—Bystanders.**

   Where the regular jurors have been discharged by the trial judge for the term, evidently under the impression that the business of the court was over, and on the following day there remains a criminal case regularly coming up for trial on a defect of jurors, the judge, within his discretion, is authorized to direct the sheriff to summons "other jurors, being freeholders within the county," whether within or without the courthouse. Revisal, sec. 1967, amended by chapter 15, Laws 1911; chapter 210, Laws 1915.

3. **Jurors—Motions—Exceptions—Challenge to Array.**

   Where the regular jurors have been discharged for the criminal term, and talesmen have been summoned to try another case regularly for trial at that term, a denial of defendant's motion for continuance, and forcing him into trial with the jury thus constituted, does not constitute a challenge to the array.

4. **Intoxicating Liquors—Criminal Law—Prohibition—Unlawful Sales—Evidence—Statutes.**

   Upon trial for the sale of intoxicating liquors in bottles to the prosecuting witness, in evidence in the case, it is competent for the sheriff to testify that he had found a box and sack of bottles just outside of defendant's store, corresponding in appearance and labels with the bottles the prosecuting witness testified he had purchased from the defendant, when the box and bag of bottles are also in evidence.

APPEAL by defendant from *Webb, J.,* at May Term, 1917, of RICHMOND.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*W. R. Jones for defendant.*

CLARK, C. J. The defendant was indicted for retailing spirituous liquors, in six counts, and was convicted on all six.

Exceptions 2 and 3 were to the admission of the testimony of the sheriff, that he found just outside of the defendant's store a box of bottles and also a sack full of bottles, both of which were placed before

the jury, which, he testified, corresponded in appearance and labels with the bottles which the prosecuting witness testified he purchased from the defendant, which were also before the jury. We can see no objection to this testimony.

The indictments against the defendant were combined, and the jury rendered a verdict of guilty on each count. The court had discharged the regular jury, but, this case coming up, directed the sheriff to summon tales jurors as authorized by Revisal, sec. 1967, amended by chapter 15, Laws 1911, and chapter 210, Laws 1915, which reads, as amended: "That there may not be a defect of jurors, the sheriff shall, by order of court, summon, from day to day, of bystanders, other jurors, being free-holders, within the county where the court is held, or the judge may in his discretion, at the beginning of the term, direct the tales jurors to be drawn from the jury box used in drawing the petit jury for the term, in the presence of the court; such tales jurors so drawn to be summoned by the sheriff and to serve on the petit jury, and on any day the court may discharge those who have served the preceding day: *Provided,* that the judge may, upon his own motion or upon request of counsel for either plaintiff or defendant, instruct the sheriff to summon such jurors outside the courthouse. It shall be a disqualification and ground of challenge to any tales juror that such juror has acted in the same court as grand, petit, or tales juror within two years next preceding such term of the court."

It has never been controverted that the judge in his discretion has the power to excuse any juror and to discharge any jury that he thinks proper. It seems that in this case the regular jury had been discharged under the impression that the business of the court was over. This case coming up, the defendant asked for a continuance. But, there being no other ground suggested therefor, the court, in the exercise of its discretion, directed tales jurors to be summoned, under the above statute, which was passed for this very purpose, that "there may not be a defect of jurors." There was long a practice, under the former statute, that the judge should reserve one juror of the regular panel to "build to," based upon the technical idea that the tales jurors should be *other* jurors, as if they would not be "other" jurors even if that one juror had also been discharged. It was no prejudice to this defendant that one regular juror was not retained. Twelve jurors, freeholders, to whom he entered no exception, sat upon his case, and he was duly convicted.

The record states: "On Thursday evening the court had discharged the regular jury summoned for the week, and on convening of court on Friday morning the defendant moved for a continuance of his case. The defendant's motion for continuance was denied, and on being forced into trial with a jury called in and chosen by the sheriff, defendant duly

excepted." This is not a challenge to the array, but we have treated it as such, and find no error. When, for any reason, there is a defect of jurors, the judge is authorized to direct the sheriff to summon "other jurors, being freeholders within the county where the court was held," and "on any day the court may discharge those who have the preceding day." Such matters are properly within the sound discretion of the presiding judge. There is no indication in this record of any abuse of discretion by the judge in the discharge of the regular jury, nor in the manner of summoning the tales jurors. The above statute gave him the discretion "at the beginning of the term to direct tales jurors to be drawn from the jury box, in the presence of the court." Which method he should resort to rested with the judge. This was not "at the beginning of the term," but even treating those words as directory only, and not a restriction on the power of the court, it would have been extremely inconvenient and would have delayed the court to have drawn the jurors from the jury box, for they would have come from all parts of the county, to the interruption of their business. The statute gave the court the alternative of summoning the bystanders, either within or without the courthouse.

There is no exception to the charge of the court, and nothing in the record tending to show partiality by the sheriff in summoning the jurors, or any other prejudice sustained by the defendant, and no exception on that ground.

No error.